Andrew Weissler (SBN 343145)
AJ.Weissler@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Ste 1500
St. Louis, MO 63105
Telephone: (314) 480-1926
Facsimile: (314) 480-1505

*Additional Counsel Shown on Signature Page*

Attorneys for Defendant Hertz Car Sales LLC
erroneously sued as The Hertz Corporation

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KYLE SCONCE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware Corporation and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>*Removed from San Joaquin Superior Court, Case No. STK-CV-UOE-2023-0003738*<br><br>**NOTICE OF REMOVAL BY DEFENDANT HERTZ CAR SALES LLC ERRONEOUSLY SUED AS THE HERTZ CORPORATION**<br><br>State Complaint Filed: April 13, 2023<br>Removal Date: June 21, 2023 |

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant Hertz Car Sales LLC ("Defendant"), erroneously sued as The Hertz Corporation ("Hertz"), by and through its undersigned counsel, hereby removes the above-captioned civil action, filed by Plaintiff Kyle Sconce ("Plaintiff"), from the Superior Court of the State of California, County of San Joaquin (the "State Court" or "Action"), to the United States District Court for the Eastern District of California (the "Court"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Defendant states as follows:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal, is timely, and is properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a), and 1446.

2. Further, under the provisions of the Class Action Fairness Act ("CAFA"), this Court has original jurisdiction over this Action because the matter in controversy: (1) exceeds the aggregate sum of $5,000,000; (2) is a class action in which any member of the class of plaintiffs is a citizen of a state different from Defendant; and (3) involves a proposed class of 100 or more members and a claim against a defendant who is not a State, State Official, or other government entity. *See* U.S.C. §§ 1332 (d)(2)(A), 1332(d)(5), and 1441.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

## II. PROCEDURAL HISTORY

3. On April 13, 2023, Plaintiff filed a putative class action complaint in the Superior Court of California, County of San Joaquin, entitled *Kyle Sconce, et al. v The Hertz Corporation, a Delaware corporation and DOES 1-50, inclusive*, San Joaquin County Superior Court Case No. STK-CV-UOE-2023-0003738 (the "Complaint"). In the Complaint, Plaintiff purports to sue on his own behalf and on behalf of all others similarly situated. *See* Compl. at 1:1-4, a true and correct copy of which is attached as **Exhibit A**. In the Complaint, Plaintiff identifies the putative class as "[a]ll persons who have been employed by Defendant as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution." *See* Ex. A at ¶ 16.

4. On behalf of himself and the proposed class, Plaintiff alleges the following causes of action against Defendant: (1) failure to pay wages including overtime in violation of Labor Code sections 510 and 1194; (2) failure to provide meal periods in violation of Labor Code sections 226.7, 512, and IWC wage orders; (3) failure to provide rest periods in violation of Labor Code sections 226.7, 512, and IWC wage orders; (4) failure to pay reporting time pay; (5) failure to pay timely wages in violation of Labor Code section 203; (6) failure to timely pay wages during employment in violation of Labor Code section 204; (7) failure to provide accurate itemized wage statements in violation of Labor Code section 226; (8) failure to indemnify necessary business expenses in violation of Labor Code section 2802; (9) unauthorized deduction of wages in violation of Labor Code sections 221-224; (10) violation of Labor Code section 2751; and (11) violation of Business & Professions Code section 17200, *et seq*.

5. On the same day, Plaintiff filed a Civil Case Cover Sheet with the Clerk of the San Joaquin County Superior Court. *See* **Ex. B**.

/ / /

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

6. On the same day, the Clerk of the State Court issued a Summons. *See* **Ex. C**.

7. The State Court assigned the case to the Honorable Erin Guy Castillo and scheduled an initial case management conference for October 10, 2023. *See* **Ex. D**.

8. On May 22, 2023, Plaintiff served Defendant with the Summons and Complaint. *See* **Ex. E**.

9. On June 20, 2023, Defendant filed an Answer to Plaintiff's Complaint in State Court. *See* **Ex. F**.

10. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in, or issued by, the State Court, or served by any party other than as described above.

## III. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

11. Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

12. Under 28 U.S.C. § 1446(c)(2)(A)(i), the notice of removal may assert the amount in controversy where the initial pleading seeks either nonmonetary relief or a money judgment "where the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."

13. If the Court finds that there is complete diversity and determines by a preponderance of the evidence that the amount asserted in the notice for removal under Section 1446(c)(2)(A) exceeds $75,000, then removal on that basis is proper. See § 1446(c)(2)(B).

### A. Complete Diversity of Citizenship Exists.

14. Plaintiff alleges that he is a resident of the State of California. *See* Ex. A at ¶ 12. Even though Plaintiff does not specifically allege that he is a *citizen* of the State of California, Plaintiff's allegation of residence is *prima facie* evidence of his

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

domicile and citizenship. *See Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *2 (S.D. Cal. Feb. 3, 2011). Plaintiff's employment records also reflect that Plaintiff lived, worked, and was physically present in the State of California throughout his employment. Thus, Plaintiff is, and at all relevant times was, a citizen of the State of California.

15. Defendant is, and at all relevant times was, a Delaware limited liability company. The sole member of Defendant is Hertz Global Holdings, Inc., a Delaware corporation with its principal place of business located in Florida. Thus, Defendant is a citizen of Delaware and Florida. *See* 28 U.S.C. § 1332(c)(1) (a corporation is deemed a citizen of the State where it is incorporated and of the State where it has its principal place of business). Whereas it is properly registered to conduct business in the State of California, Defendant is not, and was not at any relevant time, a citizen of the State of California.

16. The Complaint also names Defendants Does 1-50. The Complaint does not allege the citizenship of the fictional Doe Defendants. Further, Defendant is informed and believes that Plaintiff has neither identified nor served any of the Doe Defendants in the matter. Accordingly, pursuant to 28 U.S.C. Section 1441(a), the Court must disregard these Doe Defendants' citizenship in determining the Court's diversity jurisdiction.

17. Based on the foregoing, complete diversity between Plaintiff and Defendant is established because Plaintiff and Defendant are citizens of different states.

**B. The Amount in Controversy Exceeds the Sum or Value of $75,000, Exclusive of Interest and Costs.**

18. Plaintiff's Complaint does not specify the amount of damages and penalties that he seeks against Defendant. In such a situation, the U.S. Court of Appeals for the Ninth Circuit applies a preponderance of evidence burden of proof on a removing defendant. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696,

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

701 (9th Cir. 2007). However, the law does not require the removing defendant to research, state, and prove the exact amount the plaintiff sought by filing suit. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). Where a complaint is ambiguous, "a defendant's reasonable extrapolations from the plaintiff's allegations" may be sufficient to establish the amount in controversy. *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1041 (N.D. Cal. 2014). In determining the amount in controversy, the Court must assume Plaintiff will prevail on each of his claims. *See Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaints, not what a defendant will actually owe").

19. Although Defendant strongly denies that it is liable for any damages allegedly incurred by Plaintiff, for purposes of establishing diversity jurisdiction, the Court must presume that Plaintiff will prevail on each of the asserted claims. Here, Plaintiff asserts, as a basis for his 11 causes of action, *inter alia*, that:

a. Defendant's management engaged in time shaving by changing Plaintiff and class members' time clock records (Ex. A at ¶ 33);

b. Plaintiff and class members were required to spend unpaid overtime hours participating in training and orientation on a weekly basis (*id.* at ¶ 34);

c. Plaintiff and class members were required to spend unpaid overtime hours on their personal cellular phone for work related purposes (*id.* at ¶ 35);

d. Plaintiff and class members were required to wait for long periods of time (unpaid) in line before being able to clock in for the day (*id.* at ¶ 36);

e. Defendant deducted wages without authorization from Plaintiff and class members (*id.* at ¶ 37);

f. Defendant failed to provide Plaintiff and class members timely, legally compliant uninterrupted 30-minute meal periods (*id.* at ¶ 38);

g. Defendant failed to compensate Plaintiff and class members one additional hour of pay at their regular rate when meal periods were not timely or

lawfully provided (*id*. at ¶ 41);

h. Plaintiff and class members were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof (*id*. at ¶ 43);

i. Defendant did not compensate Plaintiff and class members one additional hour of pay at their regular rate for each day on which lawful rest periods were not authorized and permitted (*id*. at ¶ 44);

j. Plaintiff and class members were not allowed to leave the work premises during meal and rest periods (*id*. at ¶ 46);

k. Defendant failed to reimburse Plaintiff and class members for costs incurred in association with maintenance of uniforms, personal cell phone use for work-related purposes, mileage costs, and costs associated with having to work from home (*id*. at ¶¶ 47-50);

l. Defendant failed to provide accurate, lawful itemized wage statements to Plaintiff and class members (*id*. at ¶ 52);

m. Defendant failed to pay Plaintiff and class members all wages within time permissible (*id*. at ¶ 57); and

n. Defendant failed to obtain signatures whenever changes were made to commission structures (*id*. at ¶ 58).

20. In his Prayer for Relief, Plaintiff seeks monetary relief including: (a) compensatory damages; (b) liquidated damages; (c) interest; (d) statutory penalties; and (e) attorneys' fees and costs.

21. In the Civil Case Cover Sheet, Plaintiff designated this case as an unlimited civil case, where the amount demanded exceeds $25,000.00. As such, Plaintiff admits that the damages sought for the causes of action asserted in the Complaint, at minimum, exceed $25,000 – the jurisdictional minimum amount for an unlimited civil case under California Code of Civil Procedure section 85. However, as explained below, the actual amount in controversy in this case far

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

exceeds $25,000.

22. Defendant employed Plaintiff from on or about March 4, 2022, to on or about June 9, 2022, approximately 14 workweeks.

23. During his employment, Plaintiff was compensated hourly at $17 per hour, plus commissions.[1]

24. Plaintiff alleges failure to pay overtime. Plaintiff does not limit this allegation to any particular period of time and does not specifically state how many hours on average he worked each day or each week for purposes of determining overtime. Plaintiff alleges that Plaintiff and the putative class members regularly worked uncompensated overtime before and after their scheduled shifts. Assuming conservatively that Plaintiff worked at least five hours of overtime per week and received no pay for those hours, that would mean **$1,785** in overtime payments are due to Plaintiff ($25.50 (one and one half times the hourly wage of $17) x 5 (hours of overtime a week) x 14 (work weeks)).

25. Plaintiff alleges failure to pay all wages and to pay minimum wage. Plaintiff does not limit this allegation to any particular period of time and does not specifically state how many hours on average he worked each day or each week for purposes of determining unpaid wages. Plaintiff alleges that Plaintiff and the putative class members were required to wait for long periods of time before being able to clock in and were not compensated for waiting in line. Assuming conservatively that Plaintiff worked an average of five hours of "off-the-clock time" per week and received no pay for those hours, that would mean **$1,190** in payments are due to Plaintiff ($17 (hourly wage) x 5 (hours a week) x 14 (work weeks)).

26. Plaintiff alleges that meal and rest breaks were not timely or not compliant, and that meal and rest breaks were interrupted. Plaintiff's claims for

---

[1] For purposes of this notice of removal, Defendant calculated the amount in controversy applying only Plaintiff's hourly rate. However, Plaintiff's regular rate would be substantially higher when including his commissions.

violations of California meal and rest period laws adds to the amount in controversy. Assuming Defendant did not provide lawful meal and rest periods as Plaintiff alleges in his Complaint, then Plaintiff could recover one hour of pay for each missed meal and rest break. *See* Cal. Lab. Code § 226.7; *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012). If Defendant, as alleged by Plaintiff, routinely failed to provide compliant meal and rest breaks, then Plaintiff could recover at least **$2,380** in premium payments for the violations ($17 (hourly wage) x 5 (violations a week) x 14 (work weeks) x 2 (maximum hours of pay per day for missed meal and rest periods)).

27. Plaintiff's claim for failure to provide accurate wage statements also adds to the amount in controversy. Plaintiff alleges that Defendant provided Plaintiff with inaccurate wage statements for each pay period in which Defendant allegedly did not pay to Plaintiff all wages due. Therefore, it is reasonable to assume that Plaintiff's claim puts at least **$4,000** in controversy – the maximum recovery under California Labor Code section 226.

28. Plaintiff also alleges that Defendant failed to pay him his final wages in a timely manner following his separation. Plaintiff's cause of action for such statutory "waiting time" penalties is **$4,080** ($136 (Plaintiff's earnings per day based on his hourly rate at the time of separation x 30 days under Cal. Lab. Code § 203(a)). *See Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *6 (C.D. Cal. May 21, 2015).

29. Among other damages, Plaintiff also seeks reasonable attorneys' fees as provided for under California Labor Code sections 218.5, 1194, and 2802, and California Code of Civil Procedure section 1021.5. Where a plaintiff seeks attorneys' fees authorized by statute, such fees may be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The fees may consist of all that would accrue when the action is resolved. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). District

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

courts may properly rely on their expertise in determining whether the amount in controversy, including attorneys' fees, exceeds the jurisdictional threshold. *Id.* at 795. Here, even a conservative estimate of attorneys' fees in cases like the instant Action would support an amount in controversy that exceeds the jurisdictional amount.

30. As one court noted, "recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours." *Stainbrook v. Target Corp.*, No. 2:16-CV-00090-ODW, 2016 WL 3248665, at *5 (C.D. Cal. June 8, 2016) (internal citations and quotation marks omitted); *see also Lippold v. Godiva Chocolatier, Inc.*, No. C10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (noting "attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case"); *Park v. Joong-Ang Daily News Cal., Inc.*, No. BC508362, 2016 WL 363171, at *3 (Cal. Supp. Jan. 7, 2016) (awarded attorneys' fees for 456.30 hours billed between two attorneys in single-plaintiff wage and hour case).

31. Assuming Plaintiff's attorneys bill at a flat rate of $350.00 per hour (an amount that was found to be reasonable for counsel in the wage and hour matter of *Navarro v. Servisair*, No. C 08-02716 MHP, 2010 WL 1729538, at *3 (N.D. Cal. Apr. 27, 2010) and the attorneys spend a conservative estimate of 250 hours on the case through trial, Plaintiff would be entitled to substantial attorneys' fees **exceeding $75,000** ($350.00 per hour x 250 hours = $87,500 in fees). *See, e.g., Park*, 2016 WL 363171, at *3 (awarding $258,155 in attorneys' fees for 456.30 hours billed between two attorneys in a single plaintiff wage and hour case); *Navarro*, 2010 WL 1729538, at *3 (granting $84,531.70 in attorneys' fees for Plaintiff's counsel's then firm for work-related only to a motion to remand a case); *Makabi v. Gedalia*, No. B261005, 2016 WL 815937, at *6 (Cal. Ct. App. Mar. 2, 2016) (granting Plaintiff's attorneys' fees of $456,522.50 and costs in the amount of $20,343.39 for a total of $476,865.89 in another employment litigation case).

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

32. Because it is facially apparent from the Complaint and other matters submitted in this Notice of Removal, Defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.

## IV. BASIS FOR REMOVAL – CAFA

33. Under CAFA, a defendant has a right to remove a state court action to a federal district court where the district has original jurisdiction over the action. *See* 28 U.S.C. § 1441.

34. "The district courts shall have original jurisdiction over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332 (d)(2)(A).

35. The district courts have original jurisdiction where the proposed class involves 100 or more members or where the primary defendants are not States, State Officials, or other governmental entities. *See* 28 U.S.C. § 1332(d)(5). Here, the proposed class involves over 100 members and Defendant is not a State, State Official or other government entity.

### A. Diversity of Citizenship Exists.

36. Under CAFA, diversity of citizenship is met when any member of the class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332 (d)(2)(a).

37. As discussed in Paragraphs 14 to 17, above, complete diversity exists between Defendant and the named Plaintiff.

38. Additionally, Plaintiff purports to bring this case on behalf of a putative class comprised of Defendant's California-based employees, who are also citizens of California.

/ / /

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

**B. The Amount in Controversy Exceeds $5,000,000.**

39. Pursuant to CAFA, the amount in controversy must exceed the value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332 (d)(2).

40. In determining whether the amount in controversy exceeds $5,000,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and need not contain evidentiary submissions." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted) (*citing Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014)). Evidence establishing the amount is only required when the plaintiff contests, or the court questions, the defendant's allegation. *See id.*

41. In measuring the amount in controversy, a court must assume that the plaintiff will prevail on each of their claims. *See Roth v. Comerica Bank,* 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaints, not what a defendant will actually owe." (quotation omitted)).

42. Here, the Complaint is silent as to the amount in controversy for each claim and Defendant must only make a plausible allegation of the amount in controversy. Defendant denies that it owes the putative class any damages.

43. Between June 30, 2021,[2] and the present, upon information and belief, Defendant employed approximately 320 non-exempt employees in California.[3]

/ / /

/ / /

[2] Hertz filed for bankruptcy in May 2020. While the entire class period extends from April 13, 2019, to the present, for purposes of this notice of removal, Defendant is providing the number of non-exempt employees from June 30, 2021 (the date of resolution of bankruptcy) to the present.

[3] Defendant is providing the number of non-exempt employees of Hertz Car Sales, LLC, not the broader pleaded class of The Hertz Corporation.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

44. Between June 30, 2021, and the present, upon information and belief, Defendant's non-exempt employees in California earned an average hourly rate of $17.

45. Between June 30, 2021, and the present, there were a total of approximately 103 work weeks.

46. Plaintiff alleges that Plaintiff and the putative class members regularly worked before and after their scheduled shifts. The period of June 30, 2021, to the present encompasses 103 workweeks. On information and belief, Defendant employed an average of 125 non-exempt employees at any given time. The average hourly base rate of pay was approximately $17. Conservatively assuming that 5 hours of overtime per week for each putative class member was unpaid for every workweek during the class period, this cause of action places **$1,641,562.50** of allegedly unpaid overtime wages in controversy (($17 x 1.5) x 5 (hours of overtime per week) x 125 employees x 103 weeks)).

47. Plaintiff alleges that Plaintiff and the putative class members worked before and after their scheduled shifts "off the clock" and were not compensated for waiting in line. Conservatively assuming that 5 hours of work per week for each putative class member was unpaid for every workweek during the period of June 30, 2021, to the present, this cause of action places **$1,094,375.00** of allegedly unpaid wages in controversy ($17 x 125 employees x 103 weeks x 5 (hours of unpaid work per week)).

48. Plaintiff alleges that meal and rest breaks were not timely or compliant, and that meal and rest breaks were interrupted. Conservatively assuming that each putative class member had 3 non-compliant meal periods for every workweek during the period of June 30, 2021, to the present, this cause of action places **$656,625.00** of allegedly unpaid wages in controversy (($17) x 125 employees x 103 weeks x 3 (violations per week)). Conservatively assuming that each putative class member had 3 non-compliant rest periods for every workweek during the period of June 30,

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

2021, to the present, this cause of action places **$656,625.00** of allegedly unpaid wages in controversy (($17) x 125 employees x 103 weeks x 3 (violations per week)).

49. Plaintiff alleges that Defendant provided Plaintiff and the putative class members with inaccurate wage statements for every pay period in which Defendant allegedly did not pay them all wages due. The statute of limitations for a section 226 claim is one year, or 52 weeks. During those 52 weeks, Defendant employed, on average, 125 non-exempt employees. *See* Civ. Proc. Code § 340. If each of those employees received 52 noncompliant wage statements, they would each reach the statutory cap of $4,000, which places the amount in controversy at **$500,000.00** ($4,000 max penalties x 125 employees).

50. Plaintiff also alleges that Defendant failed to pay former putative class members final wages in a timely manner following their separation. On information and belief, for the period of June 30, 2021, to the present, approximately 195 putative class members are former employees. Based on an average hourly rate of $17.00, the average daily wage of the putative class members is $136.00 ($17.00 x 8 hours), the total penalty with respect to each proposed class member is $4,080 ($136 x 30 days). Accordingly, the total amount placed in controversy by Plaintiff's claim is at least **$795,600.00** ($4,080.00 x 195 terminated employees)).

51. Plaintiff also alleges violations of Labor Code sections 204 and 2802. Because Plaintiff's Complaint fails to allege, even in a conclusory fashion, the damages, penalties, or recovery Plaintiff seeks based on the alleged violations, Defendant does not include those two claims in its calculations, but does note that those claims also add to the amount in controversy.

52. Plaintiff also seeks reasonable attorneys' fees. Ninth Circuit law firmly establishes that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

/ / /

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

53. Ninth Circuit law permits the inclusion of attorneys' fees equal to 25% of the potential recovery, based on the benchmark rate for reasonable attorneys' fees awards in class actions. *See Garibay v. Archstone Communities LLC,* 539 F. App'x 763, 764 (9th Cir. 2013).

54. Given the calculations described above, the Complaint places at least **$5,344,787.50**[4] in controversy before adding statutory attorneys' fees. Thus, Plaintiff's request for attorneys' fees conservatively places an additional **$1,336,196.88** in controversy (25% x $5,344,787.50).

55. Accordingly, the total amount placed in controversy by Plaintiff's Complaint is at least **$6,680,984.38** an amount in excess of the jurisdictional minimum of $5,000,000.00.

## V. THIS REMOVAL NOTICE IS TIMELY AND SATISFIES ALL PREREQUISITES

56. Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise" of the initial pleading or summons. The 30 days for removal is triggered once service occurs. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

57. Here, Plaintiff filed the above-captioned action on April 13, 2023, in the Superior Court of the State of California, County of San Joaquin, as Case Number STK-CV-UOE-2023-0003738. Plaintiff served Defendant on May 22, 2023. *See* **Ex. E**. This Notice of Removal is timely because it has been filed within 30 days of

[4] This amount excludes the inclusion of commissions in the putative class members' hourly rate. Many of the putative class members, including Plaintiff, earned commissions in addition to their hourly rate. If included, the commissions could increase the amount in controversy significantly. Also, as described above, this amount in controversy includes only the time period since the end of Defendant's bankruptcy proceedings. The amount in controversy for the entire class period pleaded by Plaintiff would be much higher. Finally, the amount in controversy also does not include all of Plaintiff's claims, excluding, for example, Plaintiff's claims for unreimbursed business expenses, and reporting time.

Plaintiff's service of the Complaint on Defendant. *See* 28 U.S.C. § 1446; Fed. R. Civ. P. 6(a)(1).

58. Defendant has not made a prior application for this or similar relief.

59. As required by 28 U.S.C. § 1446(d), Defendant will serve this Notice of Removal on Plaintiff. Defendant will also promptly file a Notice of Filing for this Notice of Removal with the Clerk of the California Superior Court, County of San Joaquin, which will advise the State Court of the removal.

**WHEREFORE**, Defendant respectfully requests that the matter filed in the Superior Court of California, County of San Joaquin, and captioned as *Kyle Sconce, et al. v The Hertz Corporation, a Delaware corporation and DOES 1-50, inclusive,* Case No. STK-CV-UOE-2023-0003738, be removed to the United States District Court for the Eastern District of California.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVE, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

Dated: June 21, 2023

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/Andrew Weissler*

Andrew Weissler (SBN 343145)
AJ.Weissler@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Ste 1500
St. Louis, MO 63105
Telephone: (314) 480-1926

Zain Zubair (SBN 323273)
Zain.Zubair@huschblackwell.com
HUSCH BLACKWELL LLP
355 S. Grand Ave., Ste 2850
Los Angeles, CA 90071
Telephone: (213) 337-6550

Attorneys for Defendant Hertz Car Sales LLC erroneously sued as The Hertz Corporation

# EXHIBIT A

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff KYLE SCONCE,
Individually and on behalf of all others similarly situated.

FILED
SUPERIOR COURT
2023 APR 13 PM 2:24
BRANDON E. RILEY, CLERK
BY BERNIQUE MIMMITT
DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN JOAQUIN**

| | |
|---|---|
| KYLE SCONCE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware Corporation and DOES 1-50, inclusive,<br><br>Defendant. | CASE NO.: STK-CV-UOE-2023-3738<br><br>**CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382:**<br>1. **Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194**<br>2. **Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders**<br>3. **Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders**<br>4. **Failure to Pay Reporting Time Pay**<br>5. **Failure to Pay Timely Wages Required by Labor Code § 203**<br>6. **Failure to Timely Pay Wages During Employment Required by Labor Code § 204**<br>7. **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226**<br>8. **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802**<br>9. **Unauthorized Deduction of Wages in violation of Labor Code** |

FIRST LEGAL
200 WEBSTER ST STE 201
OAKLAND CA 94607
COPY

**§ 221-224**

**10. Violation of Labor Code § 2751**

**11. Violation of Business & Professions Code § 17200, et seq.**

**DEMAND FOR JURY TRIAL**

Plaintiff KYLE SCONCE ("Plaintiff"), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this Complaint against Defendant THE HERTZ CORPORATION, a Delaware Corporation and DOES 1-50, inclusive ("Defendant") and alleges on information and belief as follows:

## I. INTRODUCTION

1. This is a Class Action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and any and all persons who are or were employed by Defendant, either directly or indirectly, at distribution or warehouse facilities in the State of California at any time from four years prior to the filing of this Complaint through resolution or trial of the matter. ("Class Members" or "Non-Exempt Employees".)

2. During the liability period, as defined in the applicable statute of limitations for each and every cause of action herein, Defendant consistently maintained and enforced against Defendant's Non-Exempt Employees unlawful practices and policies in violation of California state wage and hour laws as detailed more extensively herein.

3. The California Labor Code and IWC Wage Orders require employers to provide to their employees, among other things, lawful meal and rest periods, properly calculated meal, and rest period premiums when meal periods are not lawfully provided, and accurate, lawful itemized wage statements.

4. Defendant implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages and unlawful deductions from wages; straight time wages; overtime wages; premium wages; lawful meal and/or rest breaks; and timely payment of wages.

5. Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code. Plaintiff , on behalf of themselves and all Class Members, bring this action pursuant to the California Labor Code, including sections 201-204, 218.5, 218.6, 221-224, 226, 226.3, 226(b), 226.7, 245-249, 432, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, 1198.5, 2802, 2751 applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, penalties, liquidated damages, and reasonable attorneys' fees and

costs.

6. Plaintiff, on behalf of themselves and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendant for their failure to pay to Plaintiff and Class Members all of their wages, including overtime and premium wages.

## II. JURISDICTION AND VENUE

7. This class action is brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

8. This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not give jurisdiction to any other court.

9. This Court has jurisdiction over Defendant because, upon information and belief, each Defendant either has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

10. The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

11. Venue is proper in this Court because upon information and belief, one or more of the Defendant, reside, transact business, or have offices in this County and/or the acts or omissions alleged herein took place in this County.

## II. PARTIES

12. Plaintiff, KYLE SCONCE, was at all times relevant to this action, a resident of California. Plaintiff was employed by Defendant in March 2022 as a Non-Exempt Employee with the title of Salesman and worked during the liability period for Defendant until Plaintiff's separation from Defendant's employ in approximately June 2022. Plaintiff's duties included but were not limited to selling automobile vehicles.

13. Defendant THE HERTZ CORPORATION is a Delaware Corporation that operates as an automotive sales company. Defendant operates on a national and international basis. Plaintiff estimates there are in excess of one hundred (100) Non-Exempt Employees who work or have worked for Defendant over the last four years.

14. Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendant sued as DOES 1 through 50, but are informed and believe and thereon allege that said Defendant are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendant by such fictitious names. Plaintiff will amend this complaint when their true names and capacities are ascertained.

15. Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant.

## III. CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are defined as follows:

> All persons who have been employed by Defendant as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from

the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

17. Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

**Sub-Class 1:** All Class Members who were not provided paid overtime and minimum wages by Defendant (hereinafter collectively referred to as the "Overtime Subclass").

**Sub-Class 2:** All Class Members who are or were employed by Defendant who were not provided with a timely, uninterrupted, duty-free ten minute rest period for every four hours worked or major fraction thereof. (hereinafter collectively referred to as the "Rest Period Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendant who worked in excess of six or ten hours in a work-day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

**Sub-Class 4:** All Class Members who are or were employed by Defendant who were not pair reporting time pay (hereinafter collectively referred to as the "Reporting Time Pay Subclass").

**Sub-Class 5:** All Class Members who are or were employed by Defendant at any time between April 2022 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

**Sub-Class 6:** All Class Members who have been employed by Defendant at any time between April 2020 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass")

**Sub-Class 7:** All Class Members who did not receive reimbursement for necessary business expenses from Defendant. (hereinafter collectively referred to as the "Business Reimbursement Subclass").

**Sub-Class 8:** All Class Members who were employed by Defendant during the liability period whose wages were unlawfully deducted by Defendant. (hereinafter collectively referred to as the "Unlawful Deduction Subclass").

**Sub-Class 9:** All Class Members who were employed by Defendant during the liability period who did not sign commission contracts in accordance with Labor Code section 2751 . (hereinafter collectively referred to as the "Commission Contract Subclass").

**Sub-Class 10:** All Class Members who are or were employed by Defendant and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

18. Plaintiff reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

19. The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

20. There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendant are required to keep.

21. Numerosity. The members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

22. Commonality. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

i. Whether Defendant failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

ii. Whether Defendant failed to accurately pay overtime to Plaintiff and Class Members;

iii. Whether Defendant failed to reimburse necessary business expenses pursuant to Labor Code § 2802;

iv. Whether Defendant failed to provide Plaintiff and Class Members with Commission Contracts in accordance with Labor Code §2751;

v. Whether Defendant failed to pay reporting time pay;

vi. Whether Defendant violated Labor Code §§ 226.7, 512 and applicable IWC Wage Orders, by failing to provide a meal period to Plaintiff and Class Members on days

they worked work periods in excess of five and ten hours and failing to compensate said employees one hour wages in lieu of meal periods;

vii. Whether Defendants violated Labor Code §§ 226.7, 512, and applicable IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiff and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

viii. Whether Defendant failed to maintain accurate time record including recording Plaintiff and Class Members' meal and rest periods pursuant to Labor Code § 1174.5 and the applicable IWC Wage Orders;

ix. Whether Defendant provided accurate itemized wage statements pursuant to Labor Code section 226;

x. Whether Plaintiff and Class Members were not paid timely upon separation from their employ with Defendant, pursuant to Labor Code section 203;

xi. Whether Plaintiff and the Class Members are entitled to retroactive pay for unpaid wages;

xii. Whether Plaintiff and Class Members were not paid timely during employment, pursuant to Labor Code section 204;

xiii. Whether Defendant unlawfully deducted wages from Plaintiff and Class Members.

xiv. Whether Defendant violated Business and Professions Code and Labor Code §§ 201-204, 221-224, 226, 510, 512, 558, 226, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 1785, 1786, 2802, 2751, and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

xv. Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code §§ 17200, *et. seq.*;

xvi. Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code §§ 558, 1194 and 1197.

23. Typicality. Plaintiff's claims herein alleged are typical of those claims which could

be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

24. Adequacy. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendant may also serve as representatives of the Class and Subclass if needed.

25. Superiority. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

26. Public Policy Considerations: Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative

references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

## IV. FACTUAL ALLEGATIONS

27. At all times set forth herein, Defendant employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

28. Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

29. Defendant continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the job duties related to Defendant's automobile sales business.

30. Plaintiff is informed and believe, and thereon allege, that Defendant are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

31. Plaintiff is informed and believe that during the relevant time-frame, all Class Members are citizens of the state of California.

32. During the relevant time-frame, Defendant compensated Plaintiff and Class Members based upon an hourly rate.

33. On information and belief, Defendant's management engaged in time shaving by changing Plaintiff and Class Members' time clock records after they were already entered.

34. Plaintiff and Class Members were required to spend unpaid overtime hours participating in training and orientation on a weekly basis.

35. Plaintiff and Class Members were required to spend unpaid overtime hours on their personal cellular phone for work related purposes.

36. Plaintiff and Class Members were required to wait for long periods of time in line before being able to clock in for the day. These time periods went unpaid.

37. Defendants deducted wages without authorization from Plaintiff and Class Members. For instance, after Plaintiff's termination, Defendant reversed a bonus payment that was

already deposited into Plaintiff's bank account, without authorization from Plaintiff to do so.

38. Indeed, during the relevant time, as a consequence of Defendant's staffing and scheduling practices, work demands, and Defendant's policies and practices, Defendant frequently failed to provide Plaintiff and the Class Members timely, legally compliant uninterrupted 30-minute meal periods on shifts over five hours as required by law.

39. On information and belief, Plaintiff and Class Members did not waive their rights to meal periods under the law.

40. Plaintiff and the Class Members were not provided with valid lawful on-duty meal periods.

41. Despite the above-mentioned meal period violations, Defendant failed to compensate Plaintiff , and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

42. Plaintiff is informed and believe, and thereon alleges, that Defendant know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but were not receiving such compensation.

43. In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

44. Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

45. Plaintiff's Paystubs do not show separate pay for rest breaks given to Plaintiff.

46. Plaintiff and Class Members were not allowed to leave the works premises during meal periods and rest periods.

47. Defendant failed to reimburse Plaintiff and Class Members for the costs incurred in association with maintenance of uniforms.

48. Defendant failed to reimburse Plaintiff and Class Members for personal cell phone use for work related purposes.

49. Defendant failed to reimburse Plaintiff and Class Members for mileage costs. Plaintiff and Class Members were required to use their personal automobiles to drive to customers or to retrieve supplies during business hours.

50. Defendant failed to reimburse Plaintiff and Class Members for the costs associated with them having to work from home, such as computer use or home internet use.

51. On numerous occasions, Plaintiff and Class Members were scheduled to work a shift of at least two hours, showed up for work as scheduled, but were provided with less than two hours of work and asked to go home without being paid reporting time pay.

52. Defendant also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above-specified violations. In addition, upon information and belief, Defendant omitted an accurate itemization of total hours worked, including premiums due and owing for meal period violations, overtime pay, gross pay and net pay figures from Plaintiff and the Class Members' wage statements.

53. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and rest period premiums, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

54. Waiting time penalties were listed without any hours or rates.

55. Plaintiff did not receive his last pay check on the date of his termination. He instead received his last pay check approximately two months after his termination date.

56. Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal period premiums, within any time permissible under California Labor Code section 204.

57. During the relevant time period, Defendant failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

58. Defendant issued commission plans, contracts or agreements. Defendant failed to obtain Plaintiff's signature whenever a change was made to the commission structure, in violation of Labor Code section 2751.

59. Upon information and belief, Defendant knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a) requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty-minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided;

(b) requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(c) failing to pay overtime and minimum wages;

(d) failing to provide accurate itemized wage statements;

(e) failing to pay reporting time pay;

(f) failing to timely pay Plaintiff and Class Members upon separation from Defendant's employment;

(g) failing to timely pay Plaintiff and Class Members during their employment;

(h) failing to reimburse necessary business expenses;

(i) violating Labor Code section 2751

(j) unauthorized deductions; and

(k) conducting and engaging in unfair business practices.

60. In addition to the violations above, and on information and belief, Defendant knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

61. Plaintiff and Class Members they seek to represent are covered by, and Defendant are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq*.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES INCLUDING OVERTIME**

**(Against All Defendant)**

62. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

63. At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

64. At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour

worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendant provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

65. At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203.

66. Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

67. At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

68. At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately calculate overtime pay to Plaintiff and Class Members.

69. At all times relevant, Plaintiff and Class Members consistently worked off-the-clock, for training and orientation, and for unlawfully deducted 30-minute meal periods that were not provided, resulting in an inaccurate payment of minimum and overtime wages to Plaintiff and Class Members.

70. Defendant further failed to incorporate bonuses, shift differentials, and other remunerations into the employees' regular rates of pay for purposes of calculating overtime.

71. At all times relevant, Defendant have failed to accurately pay minimum and overtime owed to Plaintiff and Class Members.

72. At all times relevant, Defendant implemented a rounding system, which over time favored the Defendant and was not neutral in practice resulting in minimum wage violations.

73. Accordingly, Defendant owes Plaintiff and Class Members minimum and overtime wages, and have failed to pay Plaintiff and Class Members their wages owed.

74. Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

## (Against All Defendant)

75. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

76. Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

77. Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendant, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period. On information and belief, Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that they were prevented from being relieved of all duties. Despite the requirements of the

IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendant and Labor Code §512 and §226.7, Defendant did not provide Plaintiff and Class Members with all their statutorily authorized meal periods.

78. For the four (4) years preceding the filing of this lawsuit, Defendant failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendant. As a proximate result of the aforementioned violations, Plaintiff and the other Class Members have been damaged in an amount according to proof at time of trial.

79. By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiff and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendant violated the provisions of Labor Code §§226.7 and 512 and applicable IWC Wage Orders.

80. Plaintiff and the Class Members she seeks to represent did not voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of their legally required meal periods. Defendant created a working environment in which Plaintiff and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendant as discussed above. On information and belief, Defendant's implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendant's violations have been widespread throughout the liability period and will be evidenced by Defendant's time records for the Class Members.

81. As a result of the unlawful acts of Defendant described herein, Plaintiff and the Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided, along with interest and penalties thereon, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Against All Defendants)**

82. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

83. Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

84. Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff ' and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

85. On information and belief, Defendants created a working environment in which Plaintiff and Class Members were not provided all of their rest periods due to shift scheduling and/or work-related demands placed upon them by Defendants to meet the needs of Defendants' business as discussed above. On information and belief, Defendants implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period.

86. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor

Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period to Plaintiff and the Class, plus interest and penalties thereon, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY REPORTING TIME WAGES**

**(Against All Defendants)**

87. Plaintiffs incorporate by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

88. Labor Code section 1197 makes it unlawful to pay an employee less than the minimum wage as established by the Industrial Welfare Commission.

89. Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

90. The applicable reporting time wages are fixed by the IWC in Wage Order 4-2001.

91. In relevant part, Section 5 of the applicable wage order provides:

> (A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

92. Defendants failed to pay reporting time wages. In particular, Plaintiffs and the Class Members were forced to report to work and were furnished with less than half the employee's usual or scheduled day's work.

93. In fact, on numerous occasions, Plaintiffs and Class Members reported to work at Defendants' direction, and then were sent home – without the legal compensation. By failure to pay hourly wages for reporting time, Defendants willfully violated Labor Code sections 1194, 1197, 1198, and IWC Wage Orders 4-2001.

**FIFTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY WAGES UPON SEPARATION**

**(Against All Defendant)**

94. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

95. Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

96. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

97. During the relevant time period, Defendant willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendant's employ. These wages include regular and overtime.

98. As a result, Defendant are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

**SIXTH CAUSE OF ACTION**

**FOR FAILURE TO PAY TIMELY PAY WAGES DURING EMPLOYMENT**

(Against All Defendant)

99. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

100. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable

between the 16th and the 26th day of the month during which the labor was performed.

101. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

102. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

103. During the relevant time period, Defendant intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

104. Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Against All Defendant)**

105. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

106. Section 226(a) states that An employer, semi-monthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number,

(8) the name and address of the legal entity that is the employer.

107. Section 226(a) of the California Labor Code requires Defendant to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates among other things. Defendant have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

108. IWC Wage Orders require Defendant to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class. On information and belief, Defendant have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

109. Defendant fail to identify the amounts and hours for items listed on its paystubs, including but not limited to stipend amount.

110. Defendant have failed to accurately record all time worked.

111. Defendant have also failed to accurately record the meal period premiums owed and all wages owed per pay period.

112. Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

113. Defendant also failed to identify the rate of pay in their paystubs.

114. Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

115. Pursuant to Labor Code section 226.3, any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**

**(Against All Defendant)**

116. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

117. Labor Code § 2802 requires Defendant to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiff and on information and belief Class Members, were not adequately reimbursed by Defendant for expenses related to all expenses incurred as a result of their personal cellphone usage, mileage use, and uniform costs/maintenance as described above, which was incurred as a direct consequence of the discharge of duties by Plaintiff and Class Members. Despite these realities of the job, Defendant failed to provide reimbursements.

118. Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

119. As a result of the unlawful acts of Defendant, Plaintiff and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802.

**NINTH CAUSE OF ACTION**

**UNAUTHORIZED DEDUCTION OF WAGES**

**(Against All Defendant)**

120. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

121. Labor Code §221 states in pertinent part "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

122. Labor Code §224 states in pertinent part "The provisions of Sections 221, 222 and 223 shall in no way make it unlawful for an employer to withhold or divert any portion of an employee's wages when the employer is required or empowered so to do by state or federal law or when a deduction is expressly authorized in writing by the employee to cover insurance premiums, hospital or medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreement or statute, or when a deduction to cover health and welfare or pension plan contributions is expressly authorized by a collective bargaining or wage agreement. Nothing in this section or any other provision of law shall be construed as authorizing an employer to withhold or divert any portion of an employee's wages to pay any tax, fee or charge prohibited by Section 50026 of the Government Code, whether or not the employee authorizes such withholding or diversion." None of these exceptions apply to Plaintiff and Class Members.

123. As a result of the unlawful acts of Defendant, Plaintiff and the Class Members are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 221-224.

## TENTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 2751

## (Against All Defendant)

124. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

125. Labor Code § 2751 states: "(a) Whenever an employer enters into a contract of employment with an employee for services to be rendered within this state and the contemplated method of payment of the employee involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid. (b) The employer shall give a signed copy of the contract to every employee who is a party thereto and shall obtain a signed receipt for the contract from each employee. In the case of a contract that expires and where the parties nevertheless continue to work under the terms of the expired contract, the contract terms are presumed to remain in full force and effect until the contract is

superseded or employment is terminated by either party. (c) As used in this section, "commissions" has the meaning set forth in Section 204.1.For purposes of this section only, "commission" does not include any of the following: (1) Short-term productivity bonuses such as are paid to retail clerks. (2) Temporary, variable incentive payments that increase, but do not decrease, payment under the written contract. (3) Bonus and profit-sharing plans, unless there has been an offer by the employer to pay a fixed percentage of sales or profits as compensation for work to be performed.

126. As a result of the unlawful acts of Defendant, Plaintiff and the Class Members are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2751.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et. seq.**

**(Against All Defendant)**

127. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

128. Defendant's conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendant's competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

129. Defendant's policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

130. A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. Defendant's policy of failing to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide a day's rest in seven, failing to provide accurate itemized wage statements and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal break period was not provided or provided outside of the required time frames, violates

Labor Code § 226, §512, § 226.7, § 1194, § 2802 and applicable IWC Wage Orders and California Code of Regulations.

131. Plaintiff and Class Members have been personally aggrieved by Defendant's unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

132. Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That Plaintiff be appointed as the representative of the Subclass; and
4. That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

On the First Cause of Action

1. For compensatory damages equal to the unpaid balance of minimum wage compensation and overtime owed to Plaintiff and Class members as well as interest and costs;
2. For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;
3. For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;
4. For such other and further relief as the Court deems proper.

On the Second Cause of Action

1. For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and
2. For such other and further relief as the Court deems proper.

On the Third Cause of Action

1. For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2. For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1. For unpaid wages;

2. For reasonable attorneys' fees and costs pursuant to statute;

3. For interest; and

4. For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1. For statutory penalties pursuant to Labor Code §203;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1. For statutory penalties pursuant to Labor Code §204;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Seventh Cause of Action

1. For statutory penalties pursuant to Labor Code §226;

2. For interest for wages untimely paid;

3. For penalties pursuant to Labor Code §266.3; and

For such other and further relief as the Court deems proper

On the Eighth Cause of Action

1. For statutory penalties pursuant to Labor Code §2802;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Ninth Cause of Action

1. For statutory penalties pursuant to Labor Code §§221-224;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Tenth Cause of Action

1. For statutory penalties pursuant to Labor Code §2751;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Eleventh Cause of Action

1. That Defendant, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide a day's rest in seven, failing to provide accurate itemized wage statements and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2. For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3. For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: April 12, 2023

JAMES HAWKINS APLC

By: ______________________________

JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
LAUREN FALK, ESQ.
AVA ISSARY, ESQ.

Attorneys for Plaintiff KYLE SCONCE individually and on behalf of all others similarly situated.

# EXHIBIT B

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
JAMES HAWKINS APLC. James R. Hawkins (#192925); Gregory Mauro (# 222239);
Michael Calvo (# 314986); Lauren Falk (#316893); Ava Issary (#342252)
9880 Research Drive, Suite 200, Irvine, CA 92618
TELEPHONE NO.: 949-387-7200 FAX NO. (Optional):
E-MAIL ADDRESS:
ATTORNEY FOR (Name): Kyle Sconce

FOR COURT USE ONLY

FILED
SUPERIOR COURT
2023 APR 13 PM 2:24
BRANDON E. RILEY, CLERK
BY BERNIQUE MIMMIT
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E. Weber Ave, Suite 200
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton 95202
BRANCH NAME:

CASE NAME:
Kyle Sconce vs. The Hertz Corporation

CASE NUMBER: STK-CV-UOE-2023-3738

## CIVIL CASE COVER SHEET

[x] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 11
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/12/2023
Gregory Mauro, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

# EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT
2023 APR 13 PM 2:23
BRANDON E. RILEY, CLERK
BY [illegible]
DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

THE HERTZ CORPORATION, a Delaware Corporation and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

KYLE SCONCE, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO**! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Joaquin Superior Court
180 E Weber Ave., Ste 200
Stockton, CA 95202

CASE NUMBER: STK-CV-UOE-2023-3738

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200, Irvine CA 92618; (949) 387-7200

DATE: APR 13 2023 Clerk, by BRANDON E. RILEY [illegible], Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: The Hertz Corporation, a Delaware corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

ORIGINAL



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UOE-2023-0003738**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| | | |
|---|---|---|
| **Hearing: Case Management Conference** | **Date: 10/10/2023** | **Time: 8:45 AM Department:10B** |
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| **THIS CASE HAS BEEN ASSIGNED TO JUDGE ERIN GUY CASTILLO IN DEPARTMENT 10B FOR ALL PURPOSES, INCLUDING TRIAL** | **Stockton** | **Stockton: 209-992-5693**<br>**Lodi: 209-992-5522** |

[ **X** ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1. You must:

   a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 04/13/2023      Bernique Mimmitt ,Deputy Clerk

# EXHIBIT E

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
05/22/2023
CT Log Number 543912960

## Service of Process Transmittal Summary

**TO:** CASSANDRA BISHOP, Senior Legal Assistant
The Hertz Corporation
8501 Williams Rd
Estero, FL 33928-3325

**RE:** **Process Served in California**

**FOR:** The Hertz Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KYLE SCONCE, individually and on behalf of all others similarly situated // To: The Hertz Corporation |
| **CASE #:** | STKCVUOE20233738 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/22/2023 at 13:29 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/23/2023, Expected Purge Date: 05/28/2023<br><br>Image SOP<br><br>Email Notification, CASSANDRA BISHOP cassandra.bishop@hertz.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, May 22, 2023
**Server Name:** DROP SERVICE

| | |
|---|---|
| Entity Served | THE HERTZ CORPORATION |
| Case Number | STKCVUOE20233738 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

# EXHIBIT F

FILED
SUPERIOR COURT
2023 JUN 20 PM 3:43
BRANDON E. RILEY, CLERK
BY Donna Edwards
DEPUTY

Andrew Weissler (Bar No. 343145)
AJ.Weissler@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Ste 1500
St. Louis, MO 63105
Telephone: (314) 480-1926
Facsimile: (314) 480-1505

*Additional Counsel Shown on Signature Page*

Attorneys for Defendant Hertz Car Sales LLC
erroneously sued as The Hertz Corporation

#4355
8436873

HUSCH BLACKWELL LLP
355 South Grand, Suite 2850, Los Angeles, CA 90071
(213) 337-6550

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN JOAQUIN**

| | |
|---|---|
| KYLE SCONCE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. STK-CV-UOE-2023-0003738<br><br>**ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT BY DEFENDANT HERTZ CAR SALES LLC ERRONEOUSLY SUED AS THE HERTZ CORPORATION**<br><br>COMPLAINT FILED: April 13, 2023<br>TRIAL DATE: Not Set |

BY FAX

Defendant Hertz Car Sales LLC ("Defendant"), erroneously sued as The Hertz Corporation ("Hertz"), hereby answers Plaintiff Kyle Sconce's ("Plaintiff") putative Class Action Complaint (the "Complaint") and asserts its affirmative and other defenses as follows[1]:

**GENERAL DENIAL**

Defendant answers Plaintiff's Complaint under Code of Civil Procedure Section 431.30(d) and denies, generally and specifically, each and every material allegation contained in the unverified

[1] Plaintiff was employed by Defendant, not by Hertz. Defendant intends to meet and confer with Plaintiff to identify an agreeable and efficient way to correct the misnomer.

Complaint. Defendant further specifically denies that Plaintiff and the putative class members were damaged in the amount alleged, or in any other amount, or in any manner whatsoever, by any act or omission on the part of Defendant.

**AFFIRMATIVE AND OTHER DEFENSES**

Without conceding it bears the burden of proof or persuasion as to any one of them, Defendant asserts the following affirmative and other defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against Defendant. *See* Code of Civil Procedure Section 430.80 (indicating defense of failure to state a claim may be raised by demurrer or answer). Among other things, the Complaint is vague, fails to allege facts establishing any violation of law, and fails to allege facts establishing injury.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation, including but not limited to California Business and Professions Code section 17208 and Code of Civil Procedure sections 338 and 340.

**THIRD AFFIRMATIVE DEFENSE**

**(No Damages or Injury)**

3. Any recovery on Plaintiff's Complaint is barred, in whole or in part, due to lack of any cognizable injury or damages legally compensable under law.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Plead with Particularity)**

4. Any recovery on Plaintiff's Complaint is barred, in whole or in part, because Plaintiff failed to plead causes of action alleged in the Complaint with the particularity required by law.

**FIFTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

5. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein

HUSCH BLACKWELL LLP
355 South Grand, Suite 2850, Los Angeles, CA 90071
(213) 337-6550

on behalf of Plaintiff or the purported class members is barred, in whole or in part, based on principles of equity.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein on behalf of Plaintiff or the purported class members is barred under the equitable doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

7. Plaintiff's Complaint is barred by the doctrine of laches. While employed, Plaintiff and/or the purported class members failed to use Defendant's internal procedures to raise any alleged wage and hour violations. Plaintiff's undue delay in raising the alleged violations in the Complaint has prejudiced Defendant because any harm to Plaintiff and/or the purported class members would have been avoided if they had reported any alleged violations through Defendant's internal procedures.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein on behalf of Plaintiff or the purported class members is barred under the equitable doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Consent)**

9. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein on behalf of Plaintiff or the purported class members is barred because Plaintiff and/or the purported class members consented to any and all actions allegedly taken by Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Release and Waiver)**

10. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

on behalf of Plaintiff or the purported class members is barred under the equitable doctrine of release and waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Waiver of Meal and Rest Periods)**

11. Plaintiff is not entitled to the relief sought for the alleged underlying violations of the applicable Industrial Welfare Commission Wage Orders because he and/or the purported class members were authorized and permitted to take meal and/or rest periods but chose to waive the meal and/or rest periods.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary Parties)**

12. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein on behalf of Plaintiff or the purported class members is barred because Plaintiff failed to join necessary or indispensable parties.

**THIREENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

13. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein on behalf of Plaintiff or the purported class members is barred because Defendant acted in good faith at all times and had reasonable grounds for believing that its actions did not violate the California Labor Code and the Industrial Wage Commission Orders.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

14. Plaintiff's Complaint is barred, in whole or in part, because Defendant's conduct, if any, was privileged, performed in the exercise of an absolute right, proper and/or justified.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Improper Conduct by Defendant)**

15. Plaintiff's Complaint is barred, in whole or in part, because if any alleged improper conduct occurred, which Defendant denies, Defendant is not liable because: (a) any persons allegedly engaging in any such conduct were not acting as an employee or agent of Defendant, (b)

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

such conduct was outside the scope, course, and/or authority of any employee or agent, (c) Defendant was not negligent or reckless with respect to any such conduct, and/or (d) such conduct was expressly contrary to and in disregard of Defendant's interests, rules, policies, and/or procedures.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Conduct)**

16. Plaintiff's Complaint is barred, in whole or in part, because the alleged injuries or damages, if any, were caused by Plaintiff's or the purported class members' own conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Not Suitable for Class Treatment)**

17. Plaintiff's claims in his Complaint do not state facts that render them appropriate for class treatment in that the claims lack commonality, individualized questions predominate, and/or Plaintiff is an inadequate and not a typical representative of the interests of the putative class members.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Alleged Damages Uncertain)**

18. Plaintiff's claims and/or recovery on behalf of Plaintiff or the purported class members are barred, in whole or in part, because the alleged damages are not clearly ascertainable in their nature or origin.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Inadvertent Violation)**

19. Plaintiff's claims and/or recovery on behalf of Plaintiff or the purported class members are barred, in whole or in part, under Labor Code Section 226.3 because Defendant's conduct was inadvertent and unintentional.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Payment Due)**

20. Plaintiff's Complaint is barred because any obligation by Defendant to pay compensation, whether contractual or otherwise, which Plaintiff claims is owed to him and/or the

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

purported class members has been fully performed, satisfied, or discharged.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Not Hours Worked)**

21. Defendant alleges that some or all of certain unpaid hours claimed by Plaintiff and/or the purported class members are not "hours worked" within the meaning of any Industrial Welfare Commission Wage Orders and/or under applicable California law, so that regular or overtime compensation need not be paid for those hours.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Record Time Worked)**

22. Defendant alleges that the underlying violations, including those regarding meal periods, are barred because Plaintiff and/or the purported class members failed to record all alleged time worked as reasonably permitted, expected, or required by Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

23. Plaintiff's Complaint is barred under the avoidable consequences doctrine. Defendant had procedures in place for reporting work-related issues. Plaintiff and/or the purported class members unreasonably failed to use Defendant's preventive and corrective measures, and reasonable use of Defendant's preventive and corrective measures would have prevented at least some of the harm Plaintiff and/or the purported class members allegedly suffered.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Compliance with Statutes)**

24. Plaintiff's Complaint, and each purported cause of action, is barred because Defendant and its agents at all times complied and/or substantially complied with all applicable statutes, regulations, laws, and/or interpretive guidance because, among other things, Defendant issued paychecks substantially compliant with Labor Code section 226 and Plaintiff and/or the purported class members suffered no actual damages.

/ / /

/ / /

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Claims Previously Pursued)**

25. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part to the extent that Plaintiff and/or the purported class members have previously pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement and/or the United States Department of Labor.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Release of Claims)**

26. Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's release of the asserted claims.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Class Action Claims Improper/Unconstitutional)**

27. Although Defendant denies that it has committed or has responsibility for any act that could support any recovery against Defendant in this lawsuit, including but not limited to, Plaintiff's causes of action for penalties under Labor Code Sections 226 and 2698 *et seq*., to the extent any such act is found, such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment, and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution, and the Excessive Fines clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, and other provisions of the California Constitution. *See People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707. The claims of Plaintiff and the putative class members violate Defendant's due process rights under the United States and California Constitutions to the extent that relief is sought on behalf of third persons even though this lawsuit cannot be maintained as a proper class action. Defendant is entitled to adjudication of these claims on an individualized, rather than class-wide, basis.

/ / /

/ / /

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

28. The Complaint is barred to the extent that Plaintiff and/or the purported class members have failed to take all reasonable and necessary care and diligence to mitigate the damages alleged.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Claim for Attorneys' Fees)**

29. The Complaint fails to state facts sufficient to support a claim for attorneys' fees.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Entitlement to Punitive, Special, or Compensatory Damages)**

30. The Complaint fails to state facts sufficient to support a claim for punitive, special, or compensatory damages.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Set-Off for Damages Claimed)**

31. To the extent that Plaintiff has received compensation for his alleged injuries from other sources, or to the extent that a cross-demand for money exists from Defendant to Plaintiff, a damage award in this action, if any, should be offset accordingly.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Alternative Causes of Alleged Damages)**

32. Plaintiff's claims for damages are barred, in whole or in part, because the alleged injuries or damages, if any, were caused by intervening and superseding events and/or actions of persons and/or entities other than Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Joint and Several Liability)**

33. To the extent that Defendant is found liable to Plaintiff for any damages, the amount of recovery of any economic and non-economic damages against Defendant shall be calculated in accordance with the principles of California Civil Code sections 1430, *et seq*., and shall be no greater than the amount of damages in direct proportion to the fault of each defendant, if any, relevant to

the fault of other persons, firms, corporations, entities, or organizations, including Plaintiff.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Injunction)**

34. The Complaint fails to state facts sufficient to support an injunction because it fails to show that pecuniary compensation will not afford adequate relief to Plaintiff and the putative class members for their alleged injuries.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Mandatory Abatement)**

35. The Complaint is barred by the pendency of an earlier action between the same parties on the same cause of action. *See* Code of Civil Procedure Section 430.10(c).

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Waiting Time Penalties)**

36. Plaintiff and the putative class members' claims for waiting time penalties are barred because a good faith dispute as to the facts and the law that any wages are due precludes imposition of waiting time penalties under California Labor Code section 203.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Conflict Of Interest)**

37. This case is not appropriate for class certification because Defendant alleges that certain interests of Plaintiff and the alleged putative class members are in conflict with the interests of all or certain sub-groups of the members of the alleged class of persons that Plaintiff purports to represent.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Damages Cannot Be Determined on Class-Wide Basis)**

38. Plaintiff's and the putative class members' claims are barred, in whole or in part, because any alleged liability and/or damages to each proposed class member may not be determined by a single factfinder or on a class-wide basis, and therefore class certification would be inappropriate because it would violate Defendant's rights to due process and trial by jury.

/ / /

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

39. Defendant has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of Plaintiff's Complaint and, accordingly, reserves all rights afforded to them by the Code of Civil Procedure to amend or supplement its Answer.

WHEREFORE, Defendant prays that:

1. Plaintiff and the putative class members recover nothing by reason of this Complaint;
2. For judgment that the Complaint and each of its causes of action be dismissed with prejudice;
3. Defendant recovers reasonable attorneys' fees and for costs incurred herein, including experts' fees; and
4. Defendant be awarded such further relief as the Court deems just and proper.

Dated: June 20, 2023

HUSCH BLACKWELL LLP

By: *_/s/Andrew Weissler_*

Andrew Weissler (SBN 343145)
AJ.Weissler@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Ste 1500
St. Louis, MO 63105
Telephone: (314) 480-1926

Zain Zubair (SBN 323273)
Zain.Zubair@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Telephone: (213) 337-6550

Attorneys for Defendant Hertz Car Sales LLC erroneously sued as The Hertz Corporation

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

**PROOF OF SERVICE**

*Kyle Sconce v. The Hertz Corporation*
San Joaquin Superior Court STK-CV-UOE-2023-0003738

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 355 South Grand, Suite 2850, Los Angeles, CA 90071. On June 20, 2023, I served a copy of the within document(s):

➢ **ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT BY DEFENDANT HERTZ CAR SALES LLC ERRONEOUSLY SUED AS THE HERTZ CORPORATION**

as follows:

☐ by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.

☐ by sealing the document(s) listed above in an envelope and causing them to be personally delivered *via* courier to the person(s) at the address(es) set forth below.

☐ by sealing the document(s) listed above in a FEDEX envelope/box and placing it for collection, which would, in the ordinary course of business, be deposited with FEDEX for delivery to the person(s) at the address(es) set forth below.

☒ by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below.

| | |
|---|---|
| James Hawkins<br>Gregory Mauro<br>Michael Calvo<br>Lauren Falk<br>Ava Issary<br>JAMES HAWKINS APLC<br>9880 Research Drive, Ste 200<br>Irvine, CA 92618<br>Tel: (949) 387-7200<br>Email: james@jameshawkinsaplc.com<br>greg@jameshawkinsaplc.com<br>lauren@jameshawkinsaplc.com<br>ava@jameshawkinsaplc.com<br>michael@jameshawkinsaplc.com | Attorney for Plaintiff |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 20, 2023, at Los Angeles, California.

*/s/Eleni Medenas*
ELENI MEDENAS

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550

## CERTIFICATE OF SERVICE

*Kyle Sconce v. The Hertz Corporation*
California Eastern District Court Case No.

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 355 South Grand, Suite 2850, Los Angeles, CA 90071. On June 21, 2023, I served a copy of the within document(s):

**NOTICE OF REMOVAL BY DEFENDANT HERTZ CAR SALES LLC**

as follows:

☐ by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below. by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.

☐ by sealing the document(s) listed above in an envelope and causing them to be personally delivered *via* courier to the person(s) at the address(es) set forth below.

☐ by electronically serving the document(s) listed above *via* File&ServeXpress on the recipient(s) designated on the Transaction Receipt located on the File&ServeXpress website.

☐ by sealing the document(s) listed above in a FEDEX envelope/box and placing it for collection, which would, in the ordinary course of business, be deposited with FEDEX for delivery to the person(s) at the address(es) set forth below.

☒ by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below.

| | |
|---|---|
| James Hawkins<br>Gregory Mauro<br>Michael Calvo<br>Lauren Falk<br>Ava Issary<br>JAMES HAWKINS APLC<br>9880 Research Drive, Ste 200<br>Irvine, CA 92618<br>Tel: (949) 387-7200<br>Email: james@jameshawkinsaplc.com<br>greg@jameshawkinsaplc.com<br>lauren@jameshawkinsaplc.com<br>ava@jameshawkinsaplc.com | Attorneys for Plaintiff |

I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct. Executed on June 21, 2023, at Los Angeles, California.

/s/Eleni Medenas
ELENI MEDENAS

HUSCH BLACKWELL LLP
355 SOUTH GRAND, SUITE 2850, LOS ANGELES, CA 90071
(213) 337-6550